In the Matter of the Claim of Walter Matkoski, Respondent, v. Crucible Steel Company et al., Appellants, and Special Disability Fund, Respondent. Workmen's Compensation Board, Respondent.— Sweeney, J. Appeal from a decision of the Workmen's Compensation Board, filed February 6, 1969. Claimant worked for the employer for approximately 25 years. His duties consisted mainly of grinding defects from steel bars. He claims total

disability due to silicosis and tuberculosis. The board found claimant was exposed to silica dust in his work and contracted silicosis, which superimposed on the pulmonary tuberculosis condition, resulted in permanent total disability. Appellants contend that there was an insufficient amount of free silica in claimant's work area to constitute an injurious exposure. The issue of exposure is a question of fact. (*Matter of Groff* v. *National Gypsum Co.,* 18 A D 2d 481, mot. for lv. to app. den. 13 N Y 2d 596.) There was more than ample proof in the record to sustain the board's finding of injurious exposure. Appellants further contend that there is no proof that the working conditions subjected all employees of the same class to the hazard of contracting silicosis, which is necessary to establish an occupational disease. This contention is refuted by claimant's proof that there was silica in the area where he worked due to the grinding of steel bars. (Workmen's Compensation Law, § 3, subd. 2, par. 28.) Anyone working in the same area would have the same exposure. Appellants' final contention is that there is not substantial evidence to support the board's finding that claimant contracted silicosis. With this contention we do not agree. Dr. Black testified he made a diagnosis of silico-tuberculosis causally related to the employment. This was sufficiently direct to create an issue of fact which was the board's function to decide. (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke, and Sweeney, JJ., concur in memorandum by Sweeney, J.